FILED
SUPERIOR COURT
OF GUAM

2019 DEC -6 PM 4: 28

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

KANCY SILO aka Kanev Silo aka Kaney Silo aka Tino Silo aka Tano Silo,

Defendant.

CRIMINAL CASE NO. CF0604-19

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 25, 2019 and December 5, 2019, for hearing on Defendant Kancy Silo aka Kanev Silo aka Kaney Silo aka Tino Silo aka Tano Silo's ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 45.50(a) for Release on Personal Recognizance or in the Alternative to Third-Party Custodians ("Motion for Bail Redetermination"). On December 5, 2019, Defendant was present with counsel Assistant Alternate Public Defender Lisa D. Lorig,[1] and Assistant Attorney General Reneida San Nicolas was present on behalf of the People of Guam ("the Government"). In accordance with its ruling from the bench on December 5, 2019, the

---

[1] The Motion was originally filed by the Public Defender Service Corporation, which was Defendant's prior counsel. On November 25, 2019, at the Criminal Trial Setting, Assistant Public Defender Kristine Borja appeared with Defendant. The Public Defender Service Corporation subsequently withdrew from representing Defendant due to a concurrent conflict. *See* Withdrawal from Case, Dec. 3, 2019; Notice of Court Appointed Counsel, Dec. 3, 2019.

*People v. Silo*
Case No. CF0604-19
Decision and Order

Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On November 15, 2019, Defendant was indicted with the following charges: (1) Aggravated Assault (As a Second Degree Felony); (2) Family Violence (As a Third Degree Felony); (3) Assault (As a Misdemeanor); and (4) Harassment (As a Petty Misdemeanor). (Indictment, Nov. 15, 2019). These charges stem from allegations that Defendant repeatedly punched and kicked his girlfriend, Ms. Marninta Sop ("Ms. Marninta"), as they were walking to the main road to dispose of trash. (Decl. of Benjamin B. Paholke, Magistrates Compl., Nov. 7, 2019). This caused Ms. Marninta to scream and return to the apartment holding her right side. *Id.* When she reached the apartment, Defendant attempted to throw a beer can at her, but she hid behind her niece K.J., a minor. *Id.* Defendant yelled at Ms. Marninta, threw the can on the ground, and left the scene. *Id.* Defendant returned thirty minutes later and yelled at her and her sister to get their things so the three of them could go to Defendant's relative's house. *Id.* Defendant entered into the apartment and chased Ms. Marninta. *Id.* Ms. Marninta's sister, Loteisha Sop, tried to stand between the two and protect her sister, but Defendant reached around her and grabbed Ms. Marninta by the hair and dragged her outside. *Id.* Defendant then, still holding her by the hair, slammed her face into the concrete and punched her repeatedly in the face, chest, abdomen, and arm, and kicked and stomped on her while she was on the ground. *Id.* At some point Ms. Marninta was able to escape and K.J. called the police. Ms. Marninta was hospitalized by the Guam Fire Department Medic personnel based on extensive injuries to her face and mid-section area of the upper torso. *Id.*

On November 19, 2019, Defendant filed the instant Motion for Bail Redetermination. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Nov. 7, 2019. The Government did not file a response to the Motion for Bail Redetermination, but orally indicated that it opposed Defendant's release.

On November 20, 2019, Defendant asserted his right to a speedy trial. Jury Selection and Trial is currently set to commence on December 18, 2019.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollar ($5,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Nov. 7, 2019.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)    length of his/her residence on Guam;

    (ii)    his/her employment status and history, and financial condition;

    (iii)    his/her family ties and relationships;

    (iv)    his/her reputation, character and mental and physical condition;

    (v)    his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)    his/her history relating to drug or alcohol abuse;

    (vii)    the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)    whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)    his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he has been a resident of Guam for the past ten years, is an FSM citizen, and was working at the time of the arrest at a construction company for the past three years. (Mot. Bail Redetermination at 4). Defendant states that he can reside away from the alleged victim by staying with his uncle Mickey Nauro in Zero Down,

Dededo or his uncle Patrick Nauro on Ysengsong Road. *Id.* No party has applied to be a third-party custodian for Defendant at this time.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is greatly concerned with the safety of the community and Defendant's ability to follow Court orders. Defendant is charged with serious offenses causing visible physical injuries to the alleged victim, and is accused of assaulting her on multiple occasions while in the presence of a minor and her sister who tried to shield her from Defendant. The Court is concerned with Defendant's ability to exert self-control. Further, Defendant was on Bench Warrant status at the time of the allegations in this matter for three criminal matters for which he was on probation for, CF0697-15, CM0485-17, and CM0312-15, as well as a pre-trial criminal matter, CF0329-18. The Bench Warrant in CF0697-15, another family violence matter, was issued on October 17, 2018, and was not returned until Defendant was arrested in the instant matter. Defendant remains held in CF0329-18 as well as CF0697-15.

Thus, upon the Court's review, Defendant's release only on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in the future.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination.

**IT IS SO ORDERED,** *nunc pro tunc* to December 5, 2019, this \_\_\_\_\_**DEC 0 6 2019**\_\_\_\_\_.

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of

_AG & APD_

Date _12-6-19_ Time _5pm_
_CC_
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Silo*
Case No. CF0604-19
Decision and Order